Dear Chairman Chaffin,
The Attorney General is in receipt of your request for an opinion wherein you asked substantially the following questions:
Is a Scenic River Commission and agency of the State of Oklahomaand if so, can it receive and own real property?
If the Scenic River Commission is an agency of the State of Oklahoma, is it required to be funded by separate legislation rather than having its funds pass through the Oklahoma Tourism and Recreation Department, and is Abe Hesser, Executive Director of the Department required to personally approve expenditures of funds?
Can a Commissioner of an Oklahoma Scenic River Commission donate land to the Scenic River Commission or to the Oklahoma Tourism and Recreation Department or to any other agency or state government, knowing that he will receive a tax benefit or a personal remuneration after making full disclosure and not discussing the matter with any member of the Commission for the purpose of influencing a decision thereon?
82 O.S. 1461(a) states that "the creation of a Scenic River Commission is hereby authorized for each designated scenic river area or combination of areas for which territory jurisdictions for planning and management have been delineated. Each Commission shall be an agency of the State and shall be named to reflect the area or areas covered. State funds for each Commission shall be by a separate line item appropriation through the State agency hereinafter named or by direct appropriation. If funded through the main State agency, said State agency shall disburse the funds to the appropriate Scenic River Commission in the amount and under the conditions prescribed by the legislature."
Subsection F states that "each commission shall have the following specified powers and responsibilities:
Subparagraph 10 . . .
 "to accept in the name of and through the commission real and personal property that is granted, bequeathed, devised, or conveyed to the commission to carry out the purpose of this act upon such trust and conditions as may be prescribed by the grantors or devisers upon approval of the commission;"
Subparagraph 11 . . .
 "enter into contracts on behalf of the Commission to carry out the purposes of this act and makes gifts and grants whether such grants be Federal or other funds,"
Subparagraph 13 . . .
 "own and control public access points to the scenic river area issue used permits, purchase easements and fee title to land within the commissions jurisdiction. Legal title to property shall be held in the name of the individual scenic river commission as an agency of the State of Oklahoma."
Subsection G provides that a "commission member to whom some private benefit, direct or indirect, financial or otherwise may come as a result of some public action should not be a participant in that action. The possibility, not the actuality of a conflict of interest should govern. A commission member experiencing a conflict of interest should declare his interest publicly abstanded from voting on the matter should he have a vote and refrain from deliberation on the matter. In addition, the commission member should not discuss the matter with any fellow member for the purpose of influencing a decision."
82 O.S. 1462 provides that "The Oklahoma Department of Tourism and Recreation shall; 1) establish procedures for organizing and certifying scenic river commissions to administer a resource management program for designated Scenic River Areas and adjacent lands consistent with the purposes of this act. Provided that no commission shall be certified as an agency of the State to exercise the powers provided for in this act until an interim commission shall have delineated the territorial jurisdiction of the commission and formulated procedures for holding an election for the additional commission members."
Subsection 3 authorizes the department to "disburse line item or other State appropriations to certified Scenic River Commissions established in accordance with this act and provide upon request if funds and sources are available, technical assistance to said Commissions in the planning and administration resource management programs within their respective territorial jurisdiction.
82 O.S. 1462A provides that "The director of State Finance is hereby authorized upon request by the Department of Tourism and Recreation to establish a special fund in the State Treasury for such Scenic River Commission. Said fund shall consist of all monies received by the commission under statutory authority or appropriated for its use. The funds shall be a continuing fund not subject to fiscal year limitations. Monies accruing to the credit of the fund shall be expended pursuant to laws of the State in carrying out the duties and responsibilities of the Commission, and without legislative appropriation. Warrants for expenditure from the fund shall be made pursuant to claims prepared by the Administrator of the Scenic River Commission, signed by the approving officer of the Oklahoma Department of Tourism and Recreation and approved by the Director of State Finance for payment."
21 O.S. 344 states that "every public officer, being authorized to sell or lease any property, or make any contract in his official capacity, who voluntarily becomes interested individually in such sale, lease or contract, directly or indirectly is guilty of a misdemeanor.
74 O.S. 1405 provides that:
No State agency shall:
 a) enter into any contract with a State employee of the agency, or with a business in which such person shall have a substantial financial interest, unless the contract is made after public notice and competitive bidding; provided, that this subsection shall not apply to a contract of employment with the State;
 b) enter into a contract with or make any ruling or take any action in favor of any person or business which is represented before such agency by a former state employee who, while a state employee, participated substantially in the particular matter before the agency;
 c) purchase any real property from any employee of said state agency or from any person who within eighteen (18) months prior to such purchase held such position with the state government, unless the property is acquired either by condemnation proceedings or the price to be paid for such property is approved in writing by the head of the agency acquiring said property and by the governor."
 It is, therefore, the opinion of the Attorney General that yourquestions be answered as follows:
 1. A Scenic Rivers Commission upon being defined and certified will bean agency of the State of Oklahoma, which may be funded by a separateline item appropriation through the Oklahoma Tourism and RecreationDepartment or by direct appropriation and warrants for expenditures mustbe approved by the appropriate officer of the Oklahoma Tourism andRecreation Department and the Director of State Finance for payment.
 2. A Scenic Rivers Commission may acquire fee title to real propertyand accept gifts and grants of real or personal property in its name fromfederal or private sources. A Commissioner may not denote or sell land toa commission while serving in such capacity or within eighteen (18)months from the termination of his position unless the land is acquiredby condemnation or the purchase price is approved in writing by the headof the agency acquiring the property and by the Governor of Oklahoma.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
VICTOR G. HILL, JR., ASSISTANT ATTORNEY GENERAL